MONAHAN et al. v. LYNCH et al.

(Third Division. Valdez. September 25, 1903.)

No. 49.

1. OFFICERS—RIGHT TO OFFICE—INJUNCTION.

The town council of Valdez elected Lynch poundmaster. Plaintiff seeks to enjoin him from performing his duty under the town ordinances relating to dogs, upon the ground that certain members of the town council who elected him were not duly and legally elected to the council. *Held* that, since the statutes of Alaska provide a plain, speedy, and adequate remedy at law for testing title to an office, equity will not assume to do so on a collateral attack.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Officers, § 114.]

2. OFFICERS—RIGHT TO OFFICE—COLLATERAL ATTACK.

The acts of a de facto officer, who is occupying a de jure office and performing the duties thereof in compliance with the law, will not be treated as invalid on collateral attack.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Officers, § 111.]

This is an application to the equity power of the court for relief from the alleged wrongful acts of the defendant Lynch in enforcing an ordinance passed by the town of Valdez providing for licensing dogs, and impounding and destroying those upon which no license tax is paid. It is admitted that the town of Valdez is a regularly incorporated town in Alaska, and alleged that at the last municipal election therein certain named persons were duly and regularly elected councilmen for the ensuing term; that thereafter the seats of certain of these were declared vacant by the remaining members, because the deposed members had left the community, and ceased to attend the meetings of the council; and that thereafter other persons, codefendants with Lynch in this case, were chosen to fill the vacancies—one of them by direct appointment of the council,

and three others by a special election called by a mass meeting of the citizens of Valdez. It appeared on the hearing that the council canvassed the election returns, and declared the latter three duly and regularly elected. It is also alleged that the deposed members did not resign, but it is admitted that they left the community, and have not since served, and that the defendants have taken their seats, and have ever since regularly acted as such members of the council. It is alleged and admitted that the council so constituted passed the ordinance complained of, appointed the defendant Lynch poundmaster, and that in pursuance to its provisions he had impounded plaintiffs' animals for the nonpayment of the license.

Plaintiffs pray for an injunction against Lynch to restrain him from enforcing the penalty against them, upon the sole ground of the invalidity of the election of the councilmen who passed the ordinance and appointed him to enforce it. It is admitted that a town, under the Alaska Code, has authority to pass the ordinance complained of, and the only objection to their action in this case is that the councilmen were not duly and regularly elected, and therefore it is argued their ordinances and appointments are void, and cannot be enforced.

Arthur M. Edwards, for plaintiffs.

Leedy & Kelsey, for defendants.

WICKERSHAM, District Judge. Since it is admitted that Valdez is a regularly incorporated town, it follows that the office of a councilman is a de jure office. Norton v. Shelby Co., 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. Ed. 178. The acts of the defendant councilmen ·are admittedly legal if performed by those legally· elected. There are no other persons claiming the offices. The incumbrances are in possession of them, and all the insignia belonging thereto, and acting under color of right in relation to matters peculiarly within the jurisdiction of town councilmen. It follows that at the time they

passed the ordinance and made the appointment complained of the defendant councilmen were de facto officers occupying de jure offices.   It is the settled law in all courts superior to this that "the acts of an officer de facto, although his title may be bad, are valid so far as they concern the public or the rights of third persons who have an interest in the things done." Ralls Co. v. Douglass, 105 U. S. 728, 26 L. Ed. 957; Cocke v. Halsey, 16 Pet. 71, 10 L. Ed. 891; Norton v. Shelby Co., supra; Hussey v. Smith, 99 U. S. 20, 25 L. Ed. 314.   The acts of a de facto officer cannot be attacked collaterally as invalid, but only in a direct proceeding by the proper authority.   The acts of such officer are held to be valid because the public good requires it.   The principle wrongs no one.   A different rule would be a source of serious and lasting evils.

The Statutes of Alaska provide a plain, speedy, and adequate remedy at law for challenging the title of an officer to his seat upon the information of the United States District Attorney, or upon the relation of a private party against the alleged usurper.   Section 340 of the Code of Civil Procedure. Until such direct attack is successful, the court will sustain the acts of a de facto officer.   The injunction will be denied.